[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 9423
The parties were married on September 10, 1983, a total of 14 years. Since the date of marriage the Wife legally changed her name to her birth name Ontko. The Wife instituted this action claiming, in two counts, a dissolution of marriage, custody of the minor children, child support, alimony, a lump sum property settlement, an equitable distribution of debts, an equitable division of personalty, and other relief. The Defendant filed an Answer and Cross-Complaint denying the alleged adultery in the second count and claiming a dissolution of marriage, joint custody, child support, an equitable distribution of assets, and other relief Numerous pre-trial proceedings were undertaken by both parties. Despite modest financial circumstances the trial consumed parts of four days.
The Husband is 45 and the Wife 39 years of age. Each is in good health, reasonably educated, and capable of being self supporting. While both parties claimed the other was responsible for the marriage breakdown, it would serve no useful purpose to chronicle the complaints. Generally, the Wife claimed the Husband was unfaithful, untruthful and squandered assets on his affair and business pursuits. The Husband claimed the Wife was unresponsive to his emotional and physical needs, spent money foolishly, and was not a good homemaker. After much friction over a prolonged period of time, the Wife moved out of the marital residence early in 1997. It should be noted that the Husband was less than forthright about his relationship with another woman. Also, the Wife has lived with another man since early last year. Neither party is primarily responsible for the marriage breakdown.
Two children, Brendan Calvin Pommills, date of birth October 18, 1984, and Hilary Lianne Pommills, date of birth March 24, 1986, were born to the Wife since the date of the marriage. To their considerable credit, the parties were able to resolve custodial and visitation questions during the trial except for one small point reserved to the court for determination.
The Court finds that residence requirements have been satisfied, and no family member has been the recipient of public assistance. All pertinent criteria outlined in Chapter 815j of the General Statutes were considered in the entry of the following orders.
 ORDERS CT Page 9424
Dissolution of Marriage
The marriage is dissolved on the grounds of irretrievable breakdown.
Alimony
No alimony is awarded.
Custody and Visitation
The parties shall have joint legal custody of the minor children with primary physical custody to the Wife. The Husband shall have reasonable, liberal and flexible rights of visitation with the children as follows:
1. Every other weekend, from after school Friday night to Sunday evening (every fourth weekend to Monday morning);
2. Following the non-visitation weekend, the Husband shall have visitation on Tuesday and Wednesday, from 5:00 p. m. to 9:30 p. m., but if a child has a conflict because of an organized activity, then the defendant may have a different day during the week;
3. Preceding the non-visitation weekend, the Husband shall visitation on Thursday from 5:00 p. m. until 9:30 p. m.;
4. During the summer the Husband shall have visitation for four weeks pursuant to a schedule to be agreed upon in advance of summer; during the rest of the year he shall have an additional one week of vacation; the Husband shall provide the Wife with 30 days notice of any extended vacation; in August 1998 the Husband shall have the first three weeks of the month, and in the fall one week;
5. Holidays during the year shall be divided as follows: The Wife shall have Christmas Eve and the Husband Christmas Day commencing at 9:00 a.m.; all other major holidays shall be alternated between the parties; the Wife shall have Thanksgiving in 1998;
6. The Husband waived any claim to a child support guidelines deviation by reason of the visitation schedule. CT Page 9425
Child Support
The Husband shall pay to the Wife child support in the amount of $250 per week. Child support is based upon the Husband's income of $922 per week as shown on his financial affidavit and the Wife's income of $600 per week as represented on her Child Support Guidelines worksheet. Payment shall be made pursuant to a wage withholding order.
IRS Tax Returns
By April 15 of each year, during the minority of the children, the parties shall exchange their complete IRS Tax Returns in order to insure that the payment of child support comports with the Child Support Guidelines.
Medical Insurance/Expenses
The Husband shall maintain medical and hospitalization insurance for the minor children at his expense. All unreimbursed medical (including counseling) and dental expenses shall be shared equally between the parties.
Life Insurance
The Husband shall name the minor children equal beneficiaries on his $205,000 life insurance coverage. Annually, upon request, he shall furnish the Wife with satisfactory evidence of his compliance with this order.
Personal Property
Each party shall retain the furniture, personal possessions and other personal property now in their possession and control. The Wife shall retain the 1990 Cadillac subject to the outstanding loan which she shall assume. She shall also retain her Fleet checking account and Milford Hospital pension. The Husband shall retain the 1989 Jeep and 1996 Ford automobiles subject to any obligations concerning same. He shall also retain his personal computers, interest in Soleil Co., Fleet Bank checking and savings accounts and his interest in the Bridgeport Hospital pension fund.
Liabilities
CT Page 9426
The Husband shall be solely responsible for the liabilities shown on his financial affidavit including the balance on the joint obligation due Sears. The Husband shall also be responsible for the arrearage due on the first and second mortgages.
The Wife shall be solely responsible for the liabilities shown on her financial affidavit except for Sears which shall remain the Husband's sole responsibility.
Real Estate
One hundred and twenty days from date, the Husband shall quitclaim his interest in the marital residence to the Wife subject only to the current balances on the first and second mortgages. At the time of the delivery of the deed, the Wife shall either refinance the two mortgages, or otherwise furnish satisfactory proof that the Husband's name has been removed from the obligations. In the event the Wife is unwilling or unable to refinance, or otherwise cause the Husband's name to be removed from the two mortgages, the property shall be immediately listed for sale and sold to the buyer with the first reasonable offer. The net proceeds, after payment of the first and second mortgages, real estate commission, and customary closing costs shall be paid to the Wife. Until sold the Husband shall have the sole responsibility for the payment of the two mortgages, taxes, insurance, closing costs and any other reasonable and customary costs associated with the property. He shall have exclusive use and occupancy of same. The court will retain jurisdiction to resolve any disputes over the listing, sale and use of the property until it is either transferred to the Wife, or sold to a third party. Both parties shall give their full cooperation to effectuate the disposition of the property.
Miscellaneous
Each party shall sign any necessary documents to effectuate the orders contained herein.
CUTSUMPAS J.